O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR02-00097-CAS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S MOTION TO CORRECT HIS SENTENCING UNDER 18 U.S.C. 3582(c)(2) |
| vs. | ) | |
| | ) | |
| DEMETRIUS ALEXANDER SMITH III, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION & BACKGROUND

On April 7, 2003, Demetrius Alexander Smith III ("Smith") was sentenced to 170 months in prison and supervised release of five years, having pleaded guilty to two counts of Postal Robbery in violation of 18 U.S.C. § 2114(a) and one count of Use of Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c).[1] See Dkt. Nos. 47, 48. On March 24, 2014, Smith filed a motion to correct his sentence under 18 U.S.C. § 3582(c)(2). Dkt. No. 50. Pursuant to a briefing schedule set by the Court, the

---

[1] Smith was sentenced to two concurrent 110-month terms for the § 2114(a) counts, and one 60-month term for the § 924(c) count.

1  government filed an opposition on March 27, 2014, and the Probation Office for the
2  United States District Court for the Central District of California submitted a
3  supplemental pre-sentence report on May 28, 2014.  Smith has not submitted a reply
4  brief, which per the Court's order was due on May 19, 2014.  Dkt. No. 51.

## II.   LEGAL STANDARD

18 U.S.C. § 3582(c)(2) provides an exception to the general rule that a district court "may not modify a term of imprisonment after it has been imposed."  18 U.S.C. § 3582(c).  The subsection provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## III.   DISCUSSION

Smith seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  In that case, the Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proven beyond a reasonable doubt. <u>Id.</u> at 2155.  Smith argues that he should be resentenced "without the mandatory minimum."  Mot. at 1.  Smith does not set forth any details of how a mandatory minimum affected his sentencing.

/ / /

2

It appears that Smith's sentencing range has not been lowered; indeed, § 924(c) has been amended to provide for <u>harsher</u> penalties under certain circumstances. See 18 U.S.C. § 924(c)(1)(A). Further, because Smith pleaded guilty to and received the lowest sentence available for a § 924(c) violation—five years—no judicial factfinding could have increased the mandatory minimum sentence in this case, and <u>Alleyne</u> provides no basis for attacking his sentence. See id. § 924(c)(1)(A)(i).

Smith also cites cases having to do with ineffective assistance of counsel in the plea bargain context. First, plaintiff cites <u>Brown v. Butler</u>, 811 F.2d 938 (5th Cir. 1987), in which the Fifth Circuit held that a defendant who had pled guilty to ten counts of perjury in Lousiana state court had received prejudicial ineffective assistance of counsel because his attorney did not advise the defendant of a venue defense to eight of the ten counts. <u>Id.</u> at 941–43. Smith next cites <u>Tower v. Phillips</u>, 979 F.2d 807 (11th Cir. 1992), <u>opinion withdrawn and superseded on rehearing</u>, 7 F.3d 206 (11th Cir. 1993). In the opinion Smith cites, which was later withdrawn when the court found the petitioner's claim to have been procedurally defaulted, the court held that an evidentiary hearing was warranted to determine whether an attorney's alleged misrepresentation of the nature of a plea agreement entitled the petitioner to relief for ineffective assistance of counsel. 979 F.2d at 814. Finally, Smith cites <u>Massaro v. United States</u>, 538 U.S. 500 (2003), in which the Supreme Court held that failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later collateral proceeding under 28 U.S.C. § 2255. <u>Id.</u> at 508–09. Smith does not, however, appear to advance any particular argument that he received ineffective assistance of counsel in his case. Accordingly, even if the Court were to construe Smith's motion as one under § 2255, the petition would not present grounds entitling him to relief.

///

///

## IV. CONCLUSION

The Court finds that Smith has not presented any ground for correction or reduction of his sentence. Accordingly, the motion is **DENIED**.

IT IS SO ORDERED.

Dated: March 3, 2015

_____
CHRISTINA A. SNYDER
United States District Judge